UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CINDY T. VOLCAIN**                                                          **CIVIL ACTION**

**VERSUS**                                                                        **NO. 15-1317-MLCF-SS**

**CAROLYN COLVIN, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**

## REPORT AND RECOMMENDATION

The plaintiff, Cindy T. Volcain ("Ms. Volcain"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381.

## PROCEDURAL HISTORY

On June 26, 2012, Ms. Volcain submitted an application for SSI alleging that she became disabled on February 1, 2003. She reported that her husband, Robert Volcain, received Social Security disability payments of $1,811.90 per month. R. 13-14. On July 3, 2012, the Commissioner denied Ms. Volcain's claim for SSI. She was ineligible for benefits because of the Social Security benefits received by her spouse. R. 18-22. A request for reconsideration was denied. R. 28-30. There was hearing before an Administrative Law Judge ("ALJ") on June 26, 2013. R. 93-100. On July 23, 2013, the ALJ issued an unfavorable decision. R. 7-9. On January 7, 2015, the Appeals Council denied the request for review. R. 2-3.

On April 22, 2015, Ms. Volcain filed a complaint in federal court for review of the Commissioner's decision. Rec. doc. 1. The Commissioner answered and filed the administrative record. Rec. docs. 6 and 7. Although ordered to do so (Rec. doc. 5), Ms. Volcain did not file a motion for summary judgment. The Commissioner filed a motion for summary

judgment. Rec. doc. 8. Ms. Volcain has not been represented by counsel in any of these proceedings.

## STATEMENT OF ISSUE ON APPEAL

Whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standard in evaluating the evidence.

## THE COMMISSIONER'S FINDINGS

The ALJ made the following findings:

1. Ms. Volcain's husband's countable deemed monthly income of $1,811.90, less the general income exclusion of $20.00 and less the earned income exclusion of $65.00, for a total countable income of $1,791.90, exceeded the 2012 Federal Benefit Rate of $1,048.00 per month for an eligible couple.

2. Ms. Volcain was ineligible for SSI under Title XVI of the Act and applicable regulations, due to her husband's excess countable deemed income.

## ANALYSIS

a. **Standard of Review.**

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971). Alternatively, substantial evidence may be described as that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion.

Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000).  This court may not re-weigh the evidence, try the issues *de novo* or substitute its judgment for the Commissioner's.  Perez, 415 F.3d at 461.

The administrative law judge is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.  See Arkansas v. Oklahoma, 503 U.S. 91, 113, 112 S.Ct. 1046, 1060 (1992).  Despite this court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).  Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive.  Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

b.   **Testimony at the Hearing**.

Ms. Volcain agreed to proceed without representation.  R. 97.  The ALJ described the issue as whether there was excess income in her household that affected her eligibility for Social Security benefits.  R. 97.  Ms. Volcain had no objection to any of the documents in the file.  R. 98.  They were admitted into evidence.  R. 98-99.

In response to the ALJ's invitation to make an opening statement, Ms. Volcain said:

> I have Hepatitis B, and I just recently learned that I'm (Inaudible) renal failure, I just recently learned that; and I got real bad asthma and hospitalized twice; and my wrist is shattered, I've got pins and plates in it; and I have a bone that's split that they have to fix; and I can hardly do nothing between the way my breathing is and the way my hand is and all of that.

R. 99.  The ALJ responded that the hearing was not on her medical condition.  The issue is the income for her household.  R. 99.  As to what her husband received, Ms. Volcain said:

> I feel like my case is totally different than his.  I don't know why, you know, I just, I cannot put it into words.  How should he affect me when we're totally different people.

R. 100.

    **c.**    <u>**Plaintiff's Appeal**</u>.

**Issue**: Whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standard in evaluating the evidence.

    The purpose of the SSI program is to assure a minimum level of income for people who are age 65 or over, or who are blind or disabled and who do not have sufficient income and resources to maintain a standard of living at the established federal minimum income level. 20 C.F.R. § 416.110 (2015). To be eligible for SSI, a claimant must prove that she has very limited income and resources. <u>See</u> 20 C.F.R. §§ 416.200, 416.1100.

    The Commissioner uses the term "deeming of income" to identify the process of considering another person's income to be the claimant's own income. There are four categories of individuals whose income may be deemed to the claimant. An ineligible spouse is one of the four categories. 20 C.F.R. § 416.1160(a)(1). If the claimant lives in the same household as an ineligible spouse (i.e., a spouse who is not eligible for SSI), the Commissioner must consider the spouse's income to decide whether the agency must deem some of this income to the claimant. <u>See</u> 20 C.F.R. § 416.1160(a)(1), (d). The Commissioner does this because the spouse is expected to use some of his income to take care of some of the claimant's needs. 20 C.F.R. § 416.1160(a)(1). The governing regulations and the Commissioner's *Program Operations Manual System* (POMS) explain how the Commissioner deems income to a claimant from a spouse who is not eligible for SSI. <u>See</u>, <u>e.g.</u>, 20 C.F.R. §§ 416.1160, 416.1163; SSA POMS SI 01320.001, 01320.400, 01320.710.

    In accordance with agency policy, the Commissioner properly completed Form SSA-8015 (the Monthly Deeming Worksheet) to determine whether Ms. Volcain was financially eligible for SSI payments. R. 57. <u>See</u> SSA POMS SI 01320.710. This worksheet clearly sets

forth "the mathematical calculations used by the SSA District Office in ascertaining the monthly income received by claimant's husband in the amount of $1,811.90," minus a $20.00 general income exclusion, for a total "countable income" of $1,791.90.[1]  R. 8 and 57.  In 2012, when Ms. Volcain filed her application for SSI, the Federal Benefit Rate for a couple (i.e., the income ceiling for eligibility for SSI) was $1,048.00 per month.  R. 8-9, 57.[2]  Thus, Ms. Volcain "had $743.90 of income over the limits, which rendered her ineligible for [SSI] benefits on her own account."  R. 8.

At the administrative hearing of July 2013, Ms. Volcain testified about her medical condition.  R. 99.  The ALJ explained that this case was not about her medical condition, because her household income was simply too high for her to be eligible for SSI.  R. 99.  Ms. Volcain has supplied no evidence to the ALJ, the Appeals Council, or this Court to show otherwise. Her complaint has no merit.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the cross-motion of the defendant, Carolyn W. Colvin, Acting Commissioner of Social Security Administration ("Commissioner"), for summary judgment (Rec. doc. 8) be GRANTED.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

---

[1] Mr. Volcain received Social Security benefits of $1,811.90.  R. 57.  Because he received Social Security benefits, pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, he was not eligible for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381.

[2] Rec. doc. 8 (Memorandum at 4).

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of October, 2015.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**